IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ADMASSU REGASSA, | : |
| Plaintiff | : |
| v. | : CIVIL NO. 4:CV-14-1122 |
| C. BRININGER, ET AL., | : (Judge Brann) |
| Defendants | : |

### **MEMORANDUM**

August 26, 2016

**Background**

Admassu Regassa , an inmate presently confined at the United States Penitentiary, Marion, Illinois filed his pro se combined Bivens[1]/Federal Tort Claims Act (FTCA) action regrading his prior confinement at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg).[2]

By Memorandum and Order dated September 4, 2015, Defendants' motion

---

[1] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

[2] The FTCA provides a remedy in damages for the simple negligence of employees of the United States See United States v. Muniz, 374 U.S. 150, 152 (1963).

1

for summary judgment was partially granted. See Doc. 44. Summary judgment was granted in favor of the Defendants with respect to: (1) the Bivens claims against them in their official capacities; (2) all Bivens claims asserted against Warden Thomas, Associate Warden Wilson, and Captain Entzel on the basis of lack of personal involvement; and (3) the unsupported claims of conspiracy. In addition, Regassa was directed to file and serve an amended complaint which complied with Federal Rules of Civil Procedure 8 and 20, clearly identified his surviving FTCA and Bivens claims, and addressed the concerns set forth in the Court's Memorandum. Plaintiff thereafter filed an amended complaint. See Doc. 45.

Named as Defendants in the amended complaint are the United States of America and the following twenty-three (23) USP Lewisburg officials: Correctional Officers C. Brininger, S. Argueta, A. Kranzel, J. Oldt, M. Erb, E. Kulp; N. Beaver, C. Wise, S. Buebendorf, J. Eck, and D. Johnson; Nurse Gregory George; Lieutenants Sherman, Saylor, A. Miller, Seeba, Carrasquilo, and Dowkus; Physician's Assistant (PA) Francis Fasciana; Doctor Kevin Pigos; Counselor M. Edinger; Disciplinary Hearing Officers (DHO) A. Jordan and B. Chambers.

The FTCA portion of the amended complaint asserts that prior to a July 8, 2013 disciplinary hearing, Plaintiff was threatened with physical harm by Counselor Edinger, Brininger, Kranzel, and Kulp. See Doc. 45, ¶ 63. Following conclusion of the hearing, Regassa claims that he was physically assaulted by Correctional Officers Brininger, Kranzel and Kulp and other unidentified officers in a second floor hallway near the shower area. Brininger allegedly threw Regassa to the floor and along with other officers repeatedly kicked and stomped the inmate for approximately three minutes. Plaintiff asserts that he suffered multiple injuries. The amended complaint concludes that this use of force constituted assault and battery.[3]

Regassa also contends that following the incident he remained in ambulatory restraints for approximately three (3) days and was issued a falsified misconduct charge for assaulting Brininger. The Amended Complaint asserts that the use of ambulatory restraints was negligence and also constituted an assault. In addition, Regassa claims that he was provided with negligent medical care for his injuries resulting from the July 8, 2013 incident. Regassa elaborates that the prison's medical staff should have loosened his restraints, failed to treat his wounds, and

---

[3] Plaintiff also asserts that the officers involved in the assault attempted to cover up their actions by filing a false report.

denied his requests for x-rays therapy, pain medication and a complete evaluation.

Presently pending is Defendant United States of America's motion to dismiss and or in the alternative for summary judgment with respect to the FTCA portion of the amended complaint.  <u>See</u>  Doc. 47.  The opposed motion is ripe for consideration.

**<u>Discussion</u>**

The Moving Defendant asserts that Plaintiff's medical negligence FTCA claim should be dismissed because of his failure to file a proper certificate of merit as required by Pennsylvania Rule of Civil Procedure 1042.3 .  Since the motion fails to address Plaintiff's other FTCA claims (i.e. assault and battery) it will be construed as only seeking partial relief.

**<u>Motion to Dismiss</u>**

The Moving Defendant's pending dispositive motion is supported by evidentiary materials outside the pleadings.  Federal Rule of Civil Procedure 12(d) provides in part as follows:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleading are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(b)(d).

This Court will not exclude the evidentiary materials accompanying the Moving Defendant's motion. Thus, the motion will be treated as solely seeking partial summary judgment. See Latham v. United States, 306 Fed. Appx. 716, 718 (3d Cir. 2009)(when a motion to dismiss has been framed alternatively as a motion for summary judgment such as in the present case, the alternative filing "is sufficient to place the parties on notice that summary judgment might be entered.")

**Summary Judgment**

Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); See also Saldana v. Kmart Corp., 260 F.3d 228, 231-32 (3d Cir. 2001). A factual dispute is "material" if it might affect the outcome of the suit under the applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict for the non-moving party. Id. at 248. The court must resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party. Saldana, 260 F.3d at 232; see also Reeder v. Sybron Transition Corp., 142 F.R.D. 607, 609 (M.D. Pa.

5

1992). Unsubstantiated arguments made in briefs are not considered evidence of asserted facts. Versarge v. Township of Clinton, 984 F.2d 1359, 1370 (3d Cir. 1993).

Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply sit back and rest on the allegations in its complaint. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Instead, it must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Id. (internal quotations omitted); see also Saldana, 260 F.3d at 232 (citations omitted). Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial." Celotex, 477 U.S. at 322-23. "'Such affirmative evidence – regardless of whether it is direct or circumstantial – must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance.'" Saldana, 260 F.3d at 232 (quoting Williams v. Borough of West Chester, 891 F.2d 458, 460-61 (3d Cir. 1989)).

**Certificate of Merit**

Under the FTCA, sovereign immunity is waived against persons suing the

6

federal government for the commission of various torts. See Simon v. United States, 341 F. 3d 193, 200 (3d Cir. 2003). An action filed pursuant to the FTCA must first be submitted in writing to the appropriate federal agency as an administrative tort claim. See 28 U.S.C. § 2675.

A plaintiff pursuing an FTCA claim must show:  (1) that a duty was owed to him by a defendant; (2) a negligent breach of said duty; and (3) that the negligent breach was the proximate cause of the plaintiff's injury/loss. Mahler v. United States, 196 F. Supp. 362, 364 (W.D. Pa. 1961). The only proper Defendant for purposes of an FTCA claim is the United States of America. See 28 U.S.C. § 2679(d). Except in limited circumstances, an FTCA claim in federal court is limited to recovery of the sum certain amount requested in the underlying administrative claim. See McMichael v. United States, 856 F.2d 1026, 1035 (8th Cir. 1988).

It is well-settled that a federal district court addressing an FTCA action must apply the law of the state in which the alleged tortious conduct occurred. 28 U.S.C. § 1346(b) (1996); Toole v. United States, 588 F.2d 403, 406 (3d Cir. 1978); O'Neal v. Department of Army, 852 F. Supp. 327, 334-35 (M.D. Pa. 1994); Turner v. Miller, 679 F. Supp. 441, 443 (M.D. Pa. 1987). However, in cases such as this which involve federal prisoners, it has been recognized that the government's duty

of care is one of ordinary diligence. See 18 U.S.C. § 4042; Turner, 679 F. Supp. at 443. The applicable law with respect to the burden and quantum of proof under the FTCA remains that of the state in which the alleged tortious conduct occurred. Hossic v. United States, 682 F. Supp. 23, 25 (M.D. Pa. 1987).

In order to present a prima facie case of medical malpractice/negligence under Pennsylvania state law, a plaintiff has the burden of presenting expert testimony by an appropriate licensed professional who can testify to a reasonable degree of medical certainty that the actions or omissions of the defendant deviated from acceptable medical standards, and that said deviation constituted a substantial factor in causing the Plaintiff's injury. See Simpson v. Bureau of Prisons, 2005 WL 2387631 *5 (M.D. Pa. Sept. 28, 2005)(Vanaskie, C.J.).[4]

Rule 1042.3 requires a person who brings a claim of medical malpractice/negligence to file an appropriate certificate of merit. The Rule 1042.3 certificate must certify that either: (1) an appropriate licensed professional has

---

[4] The only exception to this rule is where the matter "is so simple and the lack of skill or want of care is so obvious as to be within the range of ordinary experience and comprehension of even nonprofessional persons." Berman v. United States, 205 F. Supp.2d 362, 264 (M.D. Pa. 2002) (citing Brannan v. Lankenau Hospital, 490 Pa. 588 (1980). However, the instances when expert opinions may be unnecessary are rare. See Simpson, 2005 WL *6; Arrington v. Inch, 2006 WL 860961 *7 (M.D. Pa. March 30, 2006) (Conner, J.).

supplied a written statement that there exists a reasonable probability that the conduct which is the subject of the complaint fell outside acceptable professional standards and was a cause in bringing about the harm; (2) the claim of deviation by defendant from an acceptable professional standard is based solely upon allegations that other licensed professionals for whom defendant is responsible deviated from an acceptable professional standard; (3) expert testimony of an appropriate licensed professional is unnecessary.  A party seeking dismissal under Rule 1042.7 must serve the opposing party with a notice of its intention to move for dismissal thirty days prior to doing so.  See  Schmigel v. Uchal, 800 F.3d 113, 121-24 (3d Cir. 2015).[5]

Courts within this circuit have recognized that Rule 1042.3 is substantive law and should be applied by federal courts sitting in diversity.  Schwalm v. Allstate Boiler & Construction, 2005 WL 1322740 *1 (M.D. Pa. May 17, 2005)(Caputo, J.); Scaramuzza v. Sciolla, 345 F. Supp.2d 508, 509-10 (E.D. Pa. 2004).  It has also been held that a Plaintiff pursuing an FTCA claim must comply

---

[5] Schmigel, which was announced well after the filing of this action, also held that the thirty day notice requirement was substantive law which had to be provided to a plaintiff before dismissal of an action could occur.  Schmigel was announced approximately six weeks prior to the filing of the pending dispositive motion.  The Defendant thereafter requested an enlargement of time to ensure compliance with Schmigel before proceeding with its request for dismissal.  See  Doc. 61.

with Pennsylvania substantive law.  Arrington, 2006 WL 860961 at *7.  In addition, Plaintiff's incarceration or pro se status is not a viable basis upon which to excuse non-compliance with Rule 1042.3 or the requirement of coming forth with expert medical testimony.  See Perez v. Griffin, 2008 WL 2383072 *3 (M.D. Pa. June 9, 2008)(Rule 1042.3 applies to incarcerated and pro se plaintiffs and constitutes a rule of substantive state law to which plaintiffs in federal court must comply).

A review of the docket shows that Regassa was served with a notice of intent to seek dismissal under Rule 1042.3, dated November 13, 2015.  See Doc. 50-2. Plaintiff acknowledged receipt of that notice by letter dated November 18, 2015. See Doc. 53.  Regassa thereafter filed a one page handwritten certificate of merit which simply reasserted his pending claims and generally states that he has suffered "severe multiple internal and external injuries"  Doc. 56, p. 1.  This "certificate" did  not identify any medical expert and Plaintiff has not submitted a report from any medical expert.

In  order to ensure full compliance with the thirty day notice requirement, a second thirty day notice of intent to seek dismissal for failure to file a certificate of merit was sent by the Moving Defendant to Regassa at his current place of confinement.  Plaintiff submitted in response an opposing brief vaguely arguing

10

that expert testimony is unnecessary because his injuries were obvious and he was provided with an untimely COM notice. See Doc. 84.

It is noted that the undisputed docket entries clearly show that Plaintiff was provided with the thirty day notice required under Schmigel, a decision which was not announced until well after the initiation of this action. In fact, Regassa was provided with two such notices and he filed a proposed certificate of merit. I conclude that Regassa was clearly given an abundance of time in which to file a proper certificate of merit. Moreover, the Moving Defendant's supporting brief which sought dismissal under Rule 1042.3 was filed months after Plaintiff first received notice of intent that such dismissal would be pursued. In sum, Regassa's contention that the thirty day notice was untimely lacks merit.

Second, in order to state a prima facie case of negligence under the FTCA with respect to Plaintiff's vague contention of suffering unaddressed multiple severe internal and external injuries, it is the conclusion of this Court that Regassa must come forward with expert testimony to support his claim that the treatment and decisions afforded to him following the July 8, 2013 incident by the USP-Lewisburg medical staff deviated from acceptable medical standards; Regassa must also show that the deviation was the proximate cause of his injuries. Regassa's alternative self-serving assertion that expert testimony is not required is not

11

compelling particularly given his unsupported contention that he suffered severe multiple internal and external injuries.

In light of Plaintiff's failure to present any valid reason as to why an expert witness is not required, it is appropriate for this Court to dismiss his FTCA claim of negligent medical care without prejudice.  See Osorio v. United States, 2007 WL 2008498 *2 (W.D. Pa. July 5, 2007); see also Henderson v. Pollack, 2008 WL 282372 *4 (M.D. Pa. Jan 31, 2008)(Caldwell, J.)(citing Hartman v. Low Security Correctional Institution, Allenwood, 2005 WL 1259950 *3 (M.D. Pa. May 27, 2005)(Muir, J.).  For the reasons set forth herein, Defendant's motion for partial summary judgment will be granted.  An appropriate Order will enter.

BY THE COURT:

  s/   Matthew W. Brann  
Matthew W. Brann  
United States District Judge