# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ADMASSU REGASSA, :
:
    Plaintiff, :
:
v. : No. 4:14-CV-1122
:
C. BRININGER, ET AL., : (Judge Brann)
:
    Defendants. :

## MEMORANDUM OPINION

### SEPTEMBER 27, 2018

**I.    BACKGROUND**

Admassu Regassa filed this *pro se* action asserting claims under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and the Federal Tort Claims Act (FTCA). Plaintiff seeks relief regarding events which purportedly transpired during his prior confinement at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg).

By Memorandum and Order dated September 4, 2015, Defendants' motion for summary judgment was partially granted. *See* Doc. 44. Summary judgment was granted in favor of the Defendants with respect to: (1) the *Bivens* claims against them in their official capacities; (2) all *Bivens* claims asserted against Warden Thomas, Associate Warden Wilson, and Captain Entzel on the basis of

lack of personal involvement; and (3) the unsupported claims of conspiracy. In addition, Regassa was directed to file and serve an amended complaint which complied with Federal Rules of Civil Procedure 8 and 20; clearly identified his surviving FTCA and *Bivens* claims; and addressed the concerns set forth in the Court's Memorandum. Plaintiff thereafter filed an amended complaint. *See* Doc. 45.

By Memorandum and Order dated August 26, 2016, Defendant United States of America's motion for partial summary judgment was granted. Summary judgment was granted in favor of the United States with respect to the FTCA claims of medical negligence. *See* Doc. 92.

On December 20, 2016, summary judgment was granted in favor of the remaining individual Defendants with respect to the *Bivens* civil rights claims, with the exception of the allegations that Regassa was subjected to excessive force on July 8, 2013 by Defendants Brininger, Kranzel, Buebendorf, Wise, and Kulp and the related FTCA claims of assault and battery. Also surviving, are the FTCA claims of negligence and assault pertaining to Regassa's placement in ambulatory restraints. Plaintiff's motions to add Correctional Officer Kline and EMT Matthew Barth as Additional Defendants was denied on June 29, 2017. *See* Doc. 170. By Order dated December 5, 2017, a deadline for the filing of final dispositive motions was established. *See* Doc. 177.

According to the Amended Complaint, following a July 8, 2013 disciplinary hearing, Regassa was physically assaulted by Correctional Officers Brininger, Kranzel and Kulp in a second floor hallway near the shower area. Defendants Buebendorf and Wise, as well as Correctional Officer Kline are also described as having been involved in this incident. Brininger purportedly threw Regassa to the floor and along with other officers repeatedly kicked and stomped him for approximately three minutes. Plaintiff asserts that he suffered multiple injuries.

Following the incident, Regassa maintains that he was subjected to an unwarranted three (3) day placement in ambulatory restraints. He adds that his restraints were applied too tightly. Presently pending is Remaining Defendants' motion for summary judgment. *See* Doc. 179. This opposed motion is now ripe for consideration.

## II. DISCUSSION

Remaining Defendants initially argue that the summary judgment record reflects that Defendants Buebendorf, Kulp, and Wise were not personally involved in the alleged use of excessive force. Second, they contend that video and other evidence demonstrates that Plaintiff cannot establish FTCA claims of assault and negligence with respect to the use of ambulatory restraints.

It is initially noted that the Remaining Defendants do not seek summary judgment with respect to the *Bivens* claim that Correctional Officers Brininger

and Kranzel used excessive force and the related FTCA claim of assault against those officials. Consequently, the pending dispositive motion will be construed as seeking entry of partial summary judgment.

A.  **Standard of Review**

Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, together with any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *See also Saldana v. Kmart Corp*., 260 F.3d 228, 231-32 (3d Cir. 2001). A factual dispute is "material" if it might affect the outcome of the suit under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A factual dispute is "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict for the non-moving party. *Id.* at 248. The court must resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party. *Saldana*, 260 F.3d at 232; *see also Reeder v. Sybron Transition Corp.,* 142 F.R.D. 607, 609 (M.D. Pa. 1992). Unsubstantiated arguments made in briefs are not considered evidence of asserted facts. *Versarge v. Township of Clinton*, 984 F.2d 1359, 1370 (3d Cir. 1993).

Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply

sit back and rest on the allegations in its complaint. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). Instead, it must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id*. (internal quotations omitted); *see also Saldana*, 260 F.3d at 232 (citations omitted). Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial." *Celotex,* 477 U.S. at 322-23. "'Such affirmative evidence – regardless of whether it is direct or circumstantial – must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance.'" *Saldana*, 260 F.3d at 232 (quoting *Williams v. Borough of West Chester*, 891 F.2d 458, 460-61 (3d Cir. 1989).

### B. Personal Involvement

In order to state an actionable *Bivens* claim, a plaintiff must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *See Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995). A correctional officer's use of force constitutes cruel and unusual punishment if it consists of "unnecessary and wanton infliction of pain*.*" *Whitley v. Albers*, 475

U.S. 312, 319 (1986).

It is undisputed that the Federal Bureau of Prisons (BOP) has policies regarding the use of force against prisoners as well as the application of restraints. *See* 28 C.F.R. § 552.20, *et seq*. Those regulations authorize prison staff to employ restraints to the extent necessary to gain control over inmates who have destroyed property; inflicted injury upon self; become violent or displayed signs of imminent violence. Whenever restraints are applied to a prisoner, correctional staff are required per BOP policy to check a prisoner every fifteen (15) minutes. In addition a lieutenant is required to conduct a restraint check every two (2) hours; there are periodic medical assessments. These assessments prevent inmates from injuring themselves by twisting and pulling on their restraints.

According to the Amended Complaint, Regassa was physically assaulted on July 8, 2013 by Correctional Officers Brininger, Kranzel and Kulp. Brininger purportedly threw Regassa to the floor and together with other officers repeatedly kicked and stomped the inmate for approximately three minutes. Plaintiff asserts that he suffered multiple injuries. Remaining Defendants do not seek summary judgment with respect to the claim that Defendants Brinninger and Kranzel were involved in the incident.

Defendants Buebendorf and Wise are also described by Plaintiff as having been involved in the incident. Remaining Defendants contend that Plaintiff cannot

establish personal involvement by Buebendorf and Wise in the alleged assault. *See* Doc. 180, p. 4. They note that during his deposition testimony, Regassa stated that he could only hear the voices of Brininger, Kranzel, and Kulp during the attack.

In support of their argument, Remaining Defendants have first submitted a declaration under penalty of perjury by Correctional Officer Wise. Wise acknowledges that institutional records show that he was working in Plaintiff's housing unit on the day of the alleged assault. *See* Doc. 181-1, Exhibit 3, ¶ 3. Defendant Wise states, however, that although he generally remembers Regassa, he has no specific recollection of the incident. Wise adds that had he been involved in such an incident he would have submitted an internal memo.

Correctional Officer Buebendorf has also submitted a supporting declaration which also acknowledges that he was working in Plaintiff's housing unit on the day of the incident and generally remembers Regassa. *See id.* at Exhibit 4. However, Buebendorf avers that he does not specifically remember the event in question and that institutional records show that he had no personal involvement.

Institutional records submitted by the Remaining Defendants show that both Buebendorf and Wise were working in Plaintiff's housing unit on the day of the alleged assault. *See id.* at p. 29. However, neither of their names appear in the written Report of Incident and those two officers do not appear in the video debriefing conducted after the incident. Unlike the officers admittedly involved in

alleged misconduct of July 8, 2013, Buebendorf and Wise did not submit written statements regarding the event.

As noted above, Plaintiff's own deposition testimony shows that he cannot identify Buebendorf and Wise as actually having participated in the alleged assault. Rather, Regassa can only state that the two officers were on duty nearby when the challenged use of force occurred.

Based upon the undisputed institutional records, the declarations of Buebendorf and Wise, and the admission by the Plaintiff during his deposition testimony that he cannot identify those two correctional officers as actually having been among his assailants, the argument seeking entry of summary judgment in favor of Correctional Officers Buebendorf and Wise on the basis of lack of personal involvement will be granted. The mere presence of those two officers in Plaintiff's housing unit on the date in question is an insufficient factual basis on which to support a claim that they were personally involved in constitutional misconduct.

Remaining Defendants further argue that Correctional Officer Kulp's only involvement in the incident was that he purportedly witnessed Regassa spitting on Defendant Brininger and thereafter called for assistance. Since there is no evidence that Kulp participated in any use of force, they conclude that he is likewise entitled to entry of summary judgment.

In support of this claim, Correctional Officer Kulp has submitted a declaration under penalty of perjury which acknowledges that he was present during the incident at issue and that he witnessed Regassa spit on the escorting officer, Brininger. *See id.* at Exhibit 6. Kulp maintains that the only action he took was to make a call for assistance. The Defendant denies striking Regassa or using inappropriate language.

The use of force may constitute cruel and unusual punishment even if the prisoner does not sustain "significant" injury. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). The degree or lack of injury is still a relevant factor in the determination of the excessiveness of the force used. *See Brooks*, 204 F.3d at 106. However, it would be erroneous to narrow the inquiry to the absence of serious injury. *See Smith v. Mensinger*, 293 F.3d 641, 649 (3d. Cir. 2002). Courts must determine "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically to cause harm." *Fuentes v. Wagner*, 206 F.3d 335, 345 (3d Cir. 2000); *Brooks v. Kyler*, 204 F.3d 102, 106 (3d Cir. 2000)(even a *de minimis* use of force, if repugnant to the conscience of mankind, may be constitutionally significant).

The pertinent inquiry is whether the actions of the prison officials "taken contextually, do not comport with 'contemporary standards of decency.'" *Concepcion v. Morton*, 125 F. Supp. 2d 111, 123 (D.N.J. 2000). *See also Wilson*

*v. Horn*, 971 F. Supp. 943, 948 (E.D. Pa. 1997)(a plaintiff must establish that the force was applied maliciously and sadistically, instead of in good faith).

It is undisputed that Kulp was present during an alleged use of force which if proven could be deemed as excessive. Plaintiff has provided deposition testimony that he saw three or four feet were kicking him and that he could hear Kulp's voice at the same time. Based upon the liberal treatment afforded to *pro se* litigants, the Plaintiff has adequately created the existence of a genuine issue of material fact which precludes entry of summary judgment in favor of Defendant Kulp on the basis of lack of personal involvement.

In sum, the request for summary judgment on the basis of lack of personal involvement will be granted with respect to Defendants Buebendorf and Wise, but denied with respect to Defendant Kulp.

### C. Assault

Plaintiff also alleges that while his restraints were being applied he was subjected to unnecessary force and that those ambulatory restraints were applied too tightly. Remaining Defendants argue that the summary judgment record does not support Regassa's FTCA assault claim pertaining to the application of ambulatory restraints. *See* Doc. 180, p. 7. They add that based upon videotape and other evidence, the involved staff members acted in a calm and professional manner despite resistance by the Plaintiff.

Ambulatory restraints are soft and hard equipment that allow an inmate to eat, drink, and take care of basis human needs without staff intervention. The use of ambulatory restraints should cease when it is determined that the inmate has regained self-control. Under BOP regulations, a medical assessment is performed prior to the application of restraints and any injuries should be immediately treated.

The United States waives immunity for certain intentional torts committed by prison guards. *See Millbrook v. United States*, 133 S.Ct. 1441, 1444 (2013). The only proper defendant for purposes of an FTCA claim then is the United States of America. *See* 28 U.S.C. § 2679(d). Except for limited circumstances, an FTCA claim in federal court is limited to recovery of the sum certain amount requested in the underlying administrative claim. *See McMichael v. United States*, 856 F.2d 1026, 1035 (8th Cir. 1988).

Liability under the FTCA only exists for conduct by government employees while acting within their scope of employment. *Matsko v. United States*, 372 F.3d 556, 559 (3d Cir. 2004). The undisputed record shows that the individual Remaining Defendants were acting within the scope of their employment as the Plaintiff was being escorted to his cell and the underlying events transpired.

A federal district court addressing an FTCA action must apply the law of the state, in which the alleged tortious conduct occurred, in this case, Pennsylvania. 28 U.S.C. § 1346(b) (1996); *Toole v. United States*, 588 F.2d 403, 406 (3d Cir.

1978); *O'Neal v. Department of Army*, 852 F. Supp. 327, 334-35 (M.D. Pa. 1994); *Turner v. Miller*, 679 F. Supp. 441, 443 (M.D. Pa. 1987).

Under Pennsylvania law, "an intentional attempt to inflict physical injury on another constitutes assault and the actual infliction of such injury, however minor, constitutes battery." *Fulks ex rel. Daniel v. Gasper*, 439 F. Supp.2d 372, 379 (M.D. Pa. 2006); *Beverly v. Simcoe*, 2006 WL 2927262 *9 (M.D. Pa. Oct. 11, 2006)(Jones, J.). To establish liability it must be shown that the officer acted intentionally but also that the officer knew that the force applied was not reasonable under the circumstances or was excessive. *Tarlecki v. Mercy Fitzgerald Hospital*, 2002 WL 1565568 *2 (E.D. Pa. July 15, 2002).

Remaining Defendants have submitted a sworn declaration by Lieutenant Sherman, who states that the after the Acting Warden authorized the use of ambulatory restraints, the Plaintiff was visually searched, metal detected, placed in new clothes, placed in ambulatory restraints and escorted to a cell. *See id.* at Exhibit 8. Video footage of the incident (Doc. 183) has also been submitted by the Remaining Defendants. The video evidence has been reviewed by this Court in a light most favorable to the Plaintiff. *See Tindell v. Beard*, 351 Fed. Appx. 591, 596 (3d Cir. 2009)(consideration of video footage when considering summary judgment argument is appropriate). This footage captures the entire placement of Regassa in ambulatory restraints and his removal to a cell; it is not susceptible to

multiple reasonable interpretations.  *See Scott v. Harris*, 550 U.S. 372, 380 (2007).

The footage indicates that Plaintiff briefly resisted his placement into ambulatory restraints by expanding his chest during the application of a Martin chain.  After being verbally directed to cease his behavior, Plaintiff complied and there was no further action taken against him.  Based upon a review of the videotape, there is no evidence that the correctional officers intentionally attempted to inflict injury on the Plaintiff.  The video does not reflect that any of the officers involved punched, kicked, or otherwise struck the prisoner.  Rather, the video reflects that they simply held the prisoner while the restraints were applied.  Moreover, a member of prison's medical staff immediately checked the restraints and made no determination that they were applied too tightly.

In sum, the undisputed evidence establishes that the actions taken by correctional staff with respect to Regassa's placement in ambulatory restraints was reasonable under the circumstances and not an intentional attempt to inflict physical injury.  The request for summary judgment on the FTCA claim of assault during the application of ambulatory restraints will be granted.

**D.    Negligence**

Remaining Defendants' final argument asserts that there is substantial evidence showing that the application of ambulatory restraints was carried out in a reasonable and non-negligent fashion and any injury Regassa suffered was caused

by his admitted attempts to manipulate his restraints. Moreover, Regassa was carefully monitored in accordance with BOP regulations throughout the period he was restrained (from 1:00 p.m. on July 8, 2013 to 8:00 a.m. on July 10, 2013, approximately forty-three (43) hours). *See* Doc. 180, p. 15. This Court's August 26, 2016 Memorandum and Order granted summary judgment in favor of the Defendants with respect to Plaintiff's allegation that he was provided with negligent medical treatment during the period he was held in ambulatory restraints. *See* Doc. 91, p. 12.

In support of their argument, Remaining Defendants again rely upon the previously discussed video evidence. They also submit documentary evidence in the form of institutional logs showing that while in restraints Regassa was provided with regular periodic medical and non-medical evaluations as required by BOP regulations. Those evaluations were conducted by multiple correctional and medical staff members.

A declaration by USP-Lewisburg Paramedic George has also been provided by the Remaining Defendants. *See* Doc. 181-1, Exhibit 9. George avers that he conducted multiple checks of Plaintiff's ambulatory restraints and each time the inmate's circulation and vital signs were normal

The FTCA provides a remedy in damages for the simple negligence of employees of the United States. *See United States v. Muniz*, 374 U.S. 150, 150 (1963). A plaintiff pursuing an FTCA claim must show: (1) that a duty was owed to him by a defendant; (2) a negligent breach of said duty; and (3) that the negligent breach was the proximate cause of the plaintiff's injury/loss. *Mahler v. United States*, 196 F. Supp. 362, 364 (W.D. Pa. 1961).

As previously noted, here I must apply the law of Pennsylvania, where the alleged tortious conduct occurred. However, in cases such as this involving federal prisoners, it has been recognized that the government's duty of care is one of ordinary diligence. *See* 18 U.S.C. § 4042; *Turner*, 679 F. Supp. at 443. 28 U.S.C. § 1346(b) (1996); *Toole v. United States*, 588 F.2d 403, 406 (3d Cir. 1978); *O'Neal v. Department of Army*, 852 F. Supp. 327, 334-35 (M.D. Pa. 1994); *Turner v. Miller*, 679 F. Supp. 441, 443 (M.D. Pa. 1987). The applicable law with respect to the burden and quantum of proof under the FTCA remains that of the state in which the alleged tortious conduct occurred. *Hossic v. United States*, 682 F. Supp. 23, 25 (M.D. Pa. 1987).

Under Pennsylvania law, a plaintiff is required to show that the defendant's negligence was the proximate cause of his injury by a preponderance of the evidence. *Baum v. United States*, 541 F. Supp. 1349, 1351 (M.D. Pa. 1982). Pennsylvania law defines proximate cause as causation which was a substantial

factor in bringing about the injury. *Hamil v. Bashline*, 392 A.2d 1280, 1284 (Pa. 1978).

Based upon the considerable, undisputed evidence submitted by the Remaining Defendants, particularly the video of the underlying application of restraints, and Plaintiff's institutional medical records, as well as the prison monitoring logs following the initiation of Plaintiff's ambulatory restraint placement, it is clear that the conduct of the involved prison officials was not negligent. When viewing the record in a light most favorable to the *pro se* Plaintiff, as the Court is obliged to do, there is substantial evidence showing that the application and subsequent monitoring of restraints underlying this matter was carried out in accordance with BOP regulations and in a reasonable and non-negligent fashion. Any bruising suffered by the Plaintiff appears to have been caused by his non-compliance with the directive of prison staff that he refrain from moving his restraints.

The unopposed request for entry of summary judgment with respect to the FTCA claim of negligence concerning the placement and subsequent monitoring of the Plaintiff while in ambulatory restraints will be granted.

## III. CONCLUSION

For the reasons set for in detail *supra.*, the Remaining Defendants' motion for summary judgment is partially granted.

An appropriate Order follows.

                                                    BY THE COURT:

                                                    *s/ Matthew W. Brann*
                                                    Matthew W. Brann
                                                    United States District Judge