## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ADMASSU REGASSA, | No. 4:14-CV-01122 |
| Plaintiff, | (Judge Brann) |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

## MEMORANDUM OPINION

### MAY 11, 2020

## I.    BACKGROUND

Admassu Regassa, a federal inmate previously confined at United States Penitentiary Lewisburg ("USP Lewisburg"), filed this civil rights complaint—which he later amended—alleging that numerous defendants violated his Constitutional rights.[1]  As relevant here, Regassa asserts that several individuals used excessive force when they placed him in restraints on July 8, 2013 ("Alleged Assault").[2] Regassa asserts *Bivens*[3] claims for violations of his Eighth Amendment rights, and Federal Torts Claim Act[4] ("FTCA") claims for assault related to the Alleged Assault.[5]

---

[1]   Docs. 1, 45.
[2]   Doc. 45 at 5-16.
[3]   *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).
[4]   28 U.S.C. §§ 2671-80
[5]   Doc. 45 at 14-15, 17-18, 20.

Case 4:14-cv-01122-MWB   Document 303   Filed 05/11/20   Page 2 of 12

Over the course of several years, this Court issued a series of rulings that narrowed the relevant issues and dismissed several defendants from the action. In December 2016, this Court granted in part and denied in part Defendants' motion for summary judgment, and permitted *Bivens* and FTCA claims related to the Alleged Assault to proceed against C. Brininger, A. Kranzel, S. Buebendorf, C. Wise, CO Kline, and E. Kulp.[6] In November 2018, the Court granted in part Defendants' second motion for summary judgment, and determined that Buebendorf and Wise could not be held liable because there was no evidence that either individual was involved in the Alleged Assault.[7] The court permitted *Bivens* claims to proceed against Brininger, Kranzel, Kline, and Kulp to proceed, along with the FTCA claim against the United States.

Finally, in August 2019, this Court granted Defendants' motion for reconsideration and granted judgment in favor of Defendants as to all *Bivens* claims.[8] Thus, the sole remaining claim in this matter is Regassa's FTCA assault claim related to the Alleged Assault.[9]

The parties have now filed motions *in limine* seeking to exclude certain evidence from the upcoming bench trial.[10] Regassa seeks to exclude "all of the

---

[6]   Docs. 111, 112.
[7]   Doc. 200 at 6-10.
[8]   *Id.* at 14-38; Doc. 231.
[9]   Regassa has filed two additional motions for reconsideration, both of which were denied. (Docs. 236, 252, 253, 258).
[10]  Docs. 271, 282.

Defendants' evidentiary materials and completely falsified Government records."[11] Specifically, Regassa contends that several documents should be excluded as fraudulent: (1) declarations from individuals submitted in support of the United States' earlier motion for summary judgment; (2) Incident Report 2465348 related to the events that proceeded the Alleged Assault; (3) a video recording of Regassa being placed into restraints; (4) prison officials' restraint check reports; and (5) Regassa's medical records recorded by prison officials during his restraint.[12]

The United States has filed a motion *in limine* seeking to exclude 26 of Regassa's 28 proposed witnesses, arguing that the witnesses have no personal knowledge of the events in question, and any possible relevance is outweighed by needless delay in presenting cumulative evidence.[13]   Lastly, Regassa has filed two motions to issue subpoenas to his witnesses.[14]   These matters are now ripe for disposition and, for the following reasons, Regassa's motion *in limine* will be granted in part and denied in part, the United States' motion will be conditionally granted in part and denied in part, and Regassa's motion for subpoenas will be denied without prejudice.

---

[11]   Doc. 272 at 4.
[12]   *Id.* at 11-12.
[13]   Doc. 283.
[14]   Docs. 285, 287.

## II.    DISCUSSION

Courts exercise discretion to rule *in limine* on evidentiary issues "in appropriate cases."[15]   While motions *in limine* may serve as a useful pretrial tool that enable more in-depth briefing than would be available at trial, a court may defer ruling on such motions "if the context of trial would provide clarity."[16]   "[M]otions *in limine* often present issues for which final decision is best reserved for a specific trial situation."[17]   Thus, certain motions, "especially ones that encompass broad classes of evidence, should generally be deferred until trial to allow for the resolution of questions of foundation, relevancy, and potential prejudice in proper context."[18]  Specifically, "*pretrial* Rule 403 exclusions should rarely be granted . . . a court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectionable evidence."[19]  Regardless, "*in limine* rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial."[20]

### A.    Regassa's Motion *in Limine*

The Court will first address Regassa's motion to exclude evidence.  Regassa's sole contention is that certain evidence should be excluded because that evidence

[15]   *In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds sub nom. Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).
[16]   *Frintner v. TruePosition*, 892 F.Supp.2d 699, 707 (E.D. Pa. 2012).
[17]   *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 518 n.10 (3d Cir. 1997).
[18]   *Leonard v. Stemetech Health Scis., Inc.*, 981 F. Supp. 2d 273, 276 (D. Del. 2013).
[19]   *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990).
[20]   *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).

was falsified.[21]  The Government argues that the evidence is admissible because it is relevant to any use of force during the Alleged Assault—specifically whether the use of force was appropriate—and to show the extent of injuries that Regassa suffered.[22]

The admissibility of evidence is generally governed by two Rules of Evidence.  Rule 402 provides that relevant evidence is generally admissible, while Rule 403 provides that relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  "Evidence is relevant and admissible if it tends to make the existence or nonexistence of a disputed material fact more probable than it would be without that evidence."[23]

As an initial matter, although the United States generally contest Regassa's motion *in limine*, they do not seek to admit as evidence at trial any of the written declarations that Regassa seeks to exclude.[24]  Thus, to the extent that Regassa seeks to exclude those declarations, his motion will be granted.

Turning to the merits of the motion, the Court concludes that the remainder of the evidence that Regassa seeks to exclude may be admitted at trial.  First, Incident

---

[21]  Doc. 272.
[22]  Doc. 281.
[23]  *GN Netcom, Inc. v. Plantronics, Inc.*, 930 F.3d 76, 85 (3d Cir. 2019) (internal quotation marks omitted).
[24]  *See* Doc. 284 at 3.

Report 2465348 and the video recording of Regassa being placed into restraints are clearly relevant to whether prison officials assaulted Regassa, as this evidence not only demonstrates how much force was applied, but why this force was applied.

Evidence related to the amount of force applied, and why, is critical because "officials charged with the custody of prisoners are privileged to use force which is reasonable under the circumstances to maintain control of their charges."[25]  In that vein, the Restatement (Second) of Torts makes clear that correctional officers may use force against inmates so long as the force is not excessive.[26]  As such, "[w]hile corrections officers have the authority to use necessary force under appropriate circumstances, the reasonableness of this force in relation to their employment duties determines whether particular conduct is considered an assault and battery."[27] Accordingly, it is critical for the Court to understand both whether prison officials were reasonably acting within the scope of their duties when they used force on Regassa, and whether the amount of force applied was excessive as compared to the force needed to maintain control of Regassa.  The incident report and the video will both be helpful in reaching these determinations and therefore will not be excluded.

[25]  *Picariello v. Fenton*, 491 F. Supp. 1026, 1038 (M.D. Pa. 1980).

[26]  *See* Restatement (Second) of Torts §§ 118, 132 (detailing permissible use of force by police officers during arrest); *id.* § 132 cmt. b. (applying rule to correctional officers using force against prisoners within their custody).

[27]  *Millbrook v. United States*, No. 3:15-CV-0832, 2016 WL 4734658, at *10 (M.D. Pa. Sept. 12, 2016) (internal quotation marks omitted).

Similarly, prison officials' restraint check reports and Regassa's medical records are relevant to the amount of force applied. Such evidence may demonstrate the injuries that Regassa sustained and, although the injuries that Regassa sustained may at first blush seem irrelevant, "[t]he extent of injury suffered by an inmate is one factor that may suggest whether the use of force could plausibly have been thought necessary in a particular situation," and "may also provide some indication of the amount of force applied."[28]

The Court will therefore deny Regassa's motion as to the incident report, video, restraint check reports, and medical records. The fact that Regassa contests the veracity of the evidence does not change this conclusion. Rather, as the trier of fact, it is within this province of this Court to determine—at trial—whether the United States' evidence is accurate and truthful. The Court does not believe that such evidence should be excluded from trial, particularly since "a judge [in a bench trial] is . . . able to objectively assess probative value and reject improper inferences."[29] Accordingly, Regassa's motion *in limine* will be granted in part and denied in part.

---

[28]   *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (internal quotation marks omitted).
[29]   *UHS of Delaware, Inc. v. United Health Servs., Inc.*, No. 1:12-CV-485, 2017 WL 1928341, at *1 (M.D. Pa. May 10, 2017).

### B.   United States' Motion *in Limine*

Next, the United States seek to exclude 26 individuals who Regassa names as potential witnesses.[30]  Specifically, the United States asserts that the majority of the proposed witnesses have no personal knowledge of the events surrounding the Alleged Assault and their testimony is therefore irrelevant.[31]  Moreover, the United States argues, although some witnesses may have relevant testimony to offer, that relevance is outweighed by the cumulative nature of the evidence and the delay that the testimony would entail.[32]  Regassa opposes the motion, asserting that he is entitled to call whomever he chooses as a witness, and this Court gave him a "green light" to call any "witnesses with only requirement to submit the list of his witnesses . . ."[33]

The Court agrees with the Government that—based on the available record— the majority of Regassa's 28 proposed witnesses have no personal knowledge of the events that are relevant to the upcoming trial, and therefore have no relevant testimony to offer.[34]  Most of the witnesses were not at USP Lewisburg at or around the time of the Alleged Assault, including: five private individuals (Asefa Tegegn Ayana, Kebede Kaba Dinssa, Assefa Jaleta Kitil, Alemayehu Admasu Regassa, and

---

[30]   Doc. 283.

[31]   *Id.* at 5-7.

[32]   *Id.* at 7 & 7 n.2.

[33]   Doc. 292 at 10.

[34]   Regassa submitted an updated witness list after the Government filed its motion in limine; most witnesses remain, although several proposed witnesses have changed.  (*Compare* Doc. 277 *with* Doc. 288).

Getachew Tujuba Woyessa); three employees from the United States Penitentiary at Marion, Illinois (Dr. Randall Pass, Leslee Brooks, and Caleb Meyer); and three employees from the Federal Correctional Institution at Petersburg, Virginia (Dr. Katherine Laybourn, Dr. Lisa Magazine, and Dr. Tate).  Because these individuals were indisputably not present during the Alleged Assault, they have no relevant information to offer, and will be conditionally excluded from trial.[35]

To the extent that Regassa seeks to call employees from USP Marion and FCI Petersburg to testify regarding his current medical condition, such testimony would be irrelevant as to whether Regassa was assaulted at USP Lewisburg because such testimony would relate to Regassa's medical condition years after the Alleged Assault.  To the extent that the private individuals would testify as to what Regassa told them about the Alleged Assault, such testimony would be out of court statements admitted to prove the truth of the matter asserted, and therefore constitute inadmissible hearsay.[36]

With respect to eight of the USP Lewisburg employees who Regassa seeks to call—Susan Stover, R. Bingaman, J. Diltz, S. Holtzapple, P. Frederick, Zagarski, Buebendorf, and Wise—although they were all employed by USP Lewisburg, it does not appear that any were present when the Alleged Assault took place or had any

---

[35] The Federal Rules of Evidence make clear that "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."  Fed. R. Evid. 602.

[36] Fed. R. Evid. 801(c).

involvement in that incident.[37]  Similarly, although Derrick Miller and Darrell Parks were apparently Regassa's former cellmates at USP Lewisburg, neither was involved in or witnessed the Alleged Assault.[38]  Thus, these witnesses would appear to have no relevant information to offer at trial.

Regassa also seeks to call three medical personnel from USP Lewisburg— Fasciana, Edinger, and Potter.[39]  It is unclear what information these individuals could offer.  To the extent that Regassa seeks to have these witnesses testify about his medical condition following the assault or to verify medical records, only one medical professional is needed to for such purposes, and the Government makes clear that it intends to call a medical professional from USP Lewisburg to offer such testimony.[40]  Thus, although testimony from these individuals would appear relevant, any relevance is substantially outweighed by the danger of "undue delay, wasting time, [and] needlessly presenting cumulative evidence."[41]  Consequently, the Court will conditionally grant the United States' motion *in limine* with regard to the above witnesses; the Court will revisit this decision if Regassa is able to demonstrate the relevance of the aforementioned witness, and that any relevance is not substantially outweighed by the danger of "unfair prejudice, confusing the

---

[37]  *See* Doc. 45 at 6-7; Doc. 200 at 6-8; Doc. 282-2.
[38]  *See* Doc. 45 at 6-7; Doc. 282-2
[39]  Doc. 288 at 3-4.
[40]  Doc. 284 at 2.
[41]  Fed. R. Evid. 403.

issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[42]

In contrast, however, Regassa seeks to call as a witness Kulp,[43] who either participated in, or witnessed, the Alleged Assault.[44]  His testimony is thus highly relevant to the issues underlying trial.  Although his testimony may be cumulative in some respects, the Court cannot conclude that the danger of undue delay substantially outweighs the highly relevant nature of his testimony.  Accordingly, the Government's motion *in limine* will be denied with respect to Kulp.

### C.    Motion for Subpoena

Lastly, Regassa seeks subpoenas for his potential witnesses.[45]   The Government opposes Regassa's motions on the grounds that (1) most witnesses should not be permitted to testify and, thus, no subpoenas are warranted, (2) the requested subpoenas do not comply with Federal Rule of Civil Procedure 45, and (3) there is no evidence that Regassa is able to pay the relevant witness fees.[46]

With respect to all witness with the exception of Kulp, the request for subpoenas is denied, as the Court has conditionally barred their testimony at trial. As to Kulp, although the Court will permit his testimony at trial, a subpoena is not warranted at this time.  While such a subpoena would comply with Federal Rule of

---

[42]  *Id.*
[43]  Doc. 200 at 8-9; Doc. 288 at 3-4.
[44]  Doc. 45 at 7.
[45]  Doc. 285, 287.
[46]  Doc. 293.

Civil Procedure 45, Regassa has not demonstrated that he has the financial resources to pay witness fees as set forth in 28 U.S.C. § 1821, and his request for a subpoena will therefore be denied without prejudice.[47]  The Court will revisit this ruling should Regassa make a sufficient showing of the financial ability to pay Kulp's witness fees.

## III.    CONCLUSION

In accordance with the above discussion, Regassa's motion *in limine* will be granted in part and denied in part, the United States' motion will be conditionally granted in part and denied in part, and Regassa's motions for subpoenas will be denied without prejudice.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[47]    *See Jacobs v. Heck*, 364 F. App'x 744, 748 (3d Cir. 2010) (district court did not err in requiring indigent prisoner to "pay the fees and costs for any prison official he wished to subpoena for trial"); *Hill v. Lappin*, No. 3:11-CV-1609, 2020 WL 708927, at *3 (M.D. Pa. Feb. 12, 2020) (denying request for subpoenas because indigent prisoner had "not demonstrated that he has the means to pay all costs associated with a witness's appearance"); *Ledcke v. Pa. Dep't of Corr.*, No. 1:12-CV-1580, 2016 WL 74769, at *5 (M.D. Pa. Jan. 7, 2016) (collecting cases and noting that "plaintiffs—including those proceeding *in forma pauperis*—are required to pay the fees and costs for non-incarcerated witnesses who are subpoenaed to testify at . . . trial").